NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIANA ITIOWE., | |
| Plaintiff, | Civil Action No. 12-cv-6977 (JAP) |
| v. | **OPINION** |
| ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL AT HAMILTON, *et al.*, | |
| Defendants. | |

PISANO, District Judge

Pending before the Court are five motions: (1) Defendant Robert Wood Johnson University Hospital at Hamilton's ("RWJHH") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [docket # 12]; (2) Defendant St. Francis Medical Center's ("SFMC") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [docket # 26]; (3) Defendant Capital Health Systems' ("CHS") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [docket # 38]; (4) Defendants Trenton Police Station and the City of Trenton's (collectively "Trenton Defendants") Motion to Strike all claims on behalf of Victoria Itiowe[1] [docket # 50]; and (5) Defendant New Jersey State Board of Medical Examiners' ("NJSBME") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket # 51].

For the reasons set forth below, the motions to dismiss [docket # 12, 26, 38, 51] are GRANTED. Trenton Defendants' motion to strike all claims on behalf of Victoria Itiowe [docket

---

[1] It is unclear under which rule Trenton Defendants move.

# 50] is DENIED as moot. Plaintiff's Complaint is DISMISSED without prejudice, with the exception of all claims brought on behalf of Victoria Itiowe, which are dismissed with prejudice.

## I. BACKGROUND

Christiana Itiowe's ("Plaintiff") *pro se* Complaint, received by the Court on November 9, 2012, consists of the following: (1) three broad causes of action for a violation of "Civic Rights"; (2) a "Statement of Happening"; and (3) a letter to Capital Health Systems.[2] The claims in Plaintiff's Complaint suffer from vagueness and ambiguity that make it difficult to discern their legal or factual basis. The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

### A. RWJHH

Plaintiff alleges that her sister, Victoria Itiowe, was "abused mentally and emotional[ly]," and verbally attacked by hospital staff during her hospitalization at RWJHH in 2009. Plaintiff claims that RWJHH emergency room doctors, nurses and case management "insinuated" that Victoria Itiowe was addicted to painkillers and provided her with substandard medical care, including turning her away from the emergency room when she sought treatment in November of 2010. Although it is often unclear which defendant Plaintiff is the attributing alleged misconduct to, Plaintiff appears to claim that RWJHH engaged in "discriminative talks and actions" and violated "Federal laws" and "civil rights" by not allowing Victoria Itiowe to "receive care at their hospital grounds while seriously sick."[3]

---

[2] Plaintiff has made numerous subsequent submissions to the Court and given Plaintiff's *pro se* status, the Court liberally construes the Complaint and Plaintiff's other submissions together in ruling on the pending motions. *See Wallace v. Fegan*, 455 Fed.Appx. 137, 139 (3d Cir. 2011). For the purpose of clarity, the Court hereinafter refers to all of Plaintiff's pleadings and submissions collectively as Plaintiff's Complaint.

[3] Plaintiff claims Victoria Itiowe was discriminated against on the basis of her race and disability based on the improper care provided for the treatment of her "sickle cell disease" and the insinuation that she is addicted to painkillers.

### B. SFMC

Plaintiff claims that hospital staff at SFMC treated Victoria Itiowe "unfairly," "insinuated" that she was addicted to painkillers, and provided her with improper care resulting in blood clots and other health complications. Plaintiff also alleges that she personally suffered injuries during an altercation with Hillary Roberts, a security guard at SFMC. The incident allegedly occurred when Plaintiff parked her car illegally in front of the hospital as she took her sister into the emergency area. According to Plaintiff, Mr. Roberts began yelling at her to move her car because there was an ambulance waiting to pull in, and at some point during the altercation, Mr. Roberts "head butted" Plaintiff.

### C. CHS

Plaintiff alleges CHS staff improperly treated her sister for pain resulting from "a bad sickle cell crisis" and that hospital personnel "insinuated" that Victoria Itiowe was seeking narcotics and addicted to painkillers. Plaintiff appears to refer to two altercations with CHS staff. Plaintiff asserts that the first incident occurred when Plaintiff felt Kimberly Applegate, identified as a CHS staff member, treated her "in a discriminative manner" and then lied to a security guard about the details of the incident. According to Plaintiff, other CHS personnel then became involved and violated Plaintiff's "civic rights" and she was asked to leave the hospital's grounds. The second incident allegedly occurred when Plaintiff attempted to return to the hospital, at which point hospital security guards allegedly "manhandled" Plaintiff and again treated her in a "discriminative manner."

### D. Trenton Defendants

Plaintiff's first claim against Trenton Defendants alleges that Victoria Itiowe "experienced Police brutality and while still sick was arrested and spent the night in jail." As a

result of the "brutal attack via the Trenton Police Department because of the unnecessary happenings at the hospital grounds," Plaintiff claims Victoria Itiowe is "dealing with lots of confusion because she was kicked in the head via the police men/woman boots and she has not being the same since then."[4] Plaintiff's second claim against Trenton Defendants alleges that while her sister was hospitalized, Plaintiff "witnessed [her] sister's brutal attack" and the "Trenton Police Department made up a story…and as per their false allegations wrongfully arrested me as I witnessed the mishandling of the situations" and "manhandled" her.

### E. NJSBME

Plaintiff claims that NJSBME should not tolerate "discriminative ways and actions on hospital grounds or medical office grounds." Plaintiff alleges that as a result of NJSBME's "licsens[ing] of indirect discrimination," Victoria Itiowe's health was further "endangered" the to point where she now needs heart surgery.

## II. DISCUSSION

"Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *pro se* plaintiffs are not held to same strict standards as attorneys, "they also cannot be excused from compliance with the plain text of the federal rules." *Joseph v. Lopez,* No. 05-1640, 2007 WL 1135297, at *2 (D.N.J. Apr. 11 2007).

---

[4] According to Plaintiff, officers arrived at SFMC, handcuffed Plaintiff, and removed her from the hospital room. The officers then locked the door and Plaintiff heard Victoria Itiowe "yelling at the top of her lungs and punches being thrown."

### A. Dismissal Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F. 3d 902, 906 (3d Cir. 1997). However, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible of its face." *Twombly*, 550 U.S. 544 at 555.

Even after taking into account Plaintiff's *pro se* status and reading the Complaint liberally, the Court finds that Plaintiff's pleadings lack a "short and plain statement" of the grounds for jurisdiction and fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's extensive pleadings are confusing and contain mostly unintelligible allegations asserting a variety of seemingly unrelated claims and fail to provide defendants with fair or adequate notice of the claims against them or establish that Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. 544 at 555. Accordingly, the Court finds that the substantial deficiencies in Plaintiff's pleadings warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Dismissal Pursuant to Rule 12(b)(1)

Plaintiff's complaint is also subject to dismissal for lack of subject matter jurisdiction. Federal courts are of limited jurisdiction and are bound to determine whether they have

jurisdiction even if none of the parties to an action have made a jurisdictional challenge. *Upp v. Mellon Bank, N.A.,* 510 U.S. 964 (1993). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint, in whole or in part, if the plaintiff fails to establish that the Court has jurisdiction over the claim.

### *i. Standing*

"Standing is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. Of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997). The party invoking federal jurisdiction bears the burden of establishing constitutional standing at the outset of the litigation. *Lujan v. Defenders of Wildlife,* 504 U.S. 551, 561 (1992). If the minimum requirements of Article III standing are not met, "a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003).

For a plaintiff to have standing, the following three requirements must be met: (1) the plaintiff must have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000).

Plaintiff states that she is bringing this lawsuit on behalf of herself and her sister, and includes a letter from Victoria Itiowe purporting to provide her consent for Plaintiff to bring this suit on her behalf. While the Court makes no judgment as to the merits of Victoria Itiowe's potential claims, the Court finds that Plaintiff has failed to demonstrate that she has personally

6

suffered an "injury in fact" in all claims alleging an injury to Victoria Itiowe, and thus has not met her burden of establishing constitutional standing. In light of Plaintiff's failure to establish an "injury-in-fact," the Court finds that it lacks jurisdiction to hear Plaintiff's claims brought on behalf of her sister. Therefore, any and all claims brought by Plaintiff alleging an injury suffered by Victoria Itiowe are dismissed with prejudice.[5]

### ii. Jurisdiction Pursuant to 28 U.S.C. §§ 1331, 1332

Plaintiff, as the party asserting jurisdiction, "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir. 1993).[6] Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States."[7] "Federal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.,* 387 Fed. Appx. 289, 292 (3d Cir. 2010) (citing *Club Comanche, Inc. v. Gov't of V.I.,* 278 F.3d 250, 259 (3d Cir. 2002)).

Plaintiff does not assert a basis for the exercise of this Court's jurisdiction over the claims in her complaint. Plaintiff's only attempts to establish jurisdiction are found in Plaintiff's allegations of violations of "civic rights," civil rights and "Federal laws."[8] Accordingly, construing Plaintiff's allegations liberally, the Court considers whether Plaintiff asserts a valid

---

[5] If a complaint is subject to dismissal under Rule 12(b)(6), "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2008). Plaintiff's lack of standing to bring claims on behalf of her sister cannot be cured by amendment. Thus, the Court concludes that allowing Plaintiff to amend the claims brought on behalf of Victoria Itiowe would be futile.
[6] Plaintiff bears the burden of establishing jurisdiction even though Plaintiff's complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003).
[7] "An action arises under the laws of the United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.,* 328 Fed.Appx. 768, 770 (3d Cir. 2008).
[8] Plaintiff does not state which rights or federal laws were violated.

basis for the Court's jurisdiction pursuant to either 28. U.S.C. § 1331, federal question jurisdiction, or 28 U.S.C. § 1332, diversity of citizenship jurisdiction.

While the complaint alleges that Plaintiff suffered injuries caused by "unnecessary happenings, embarrassment, mental distress" and violations of her civil and "civic" rights, Plaintiff fails to allege a violation of any provision of the Constitution, laws or treaties of the United States.[9] Plaintiff's pleadings and claims are confusing and it is difficult to discern their factual or legal basis. It appears that Plaintiff is basing her claims on "discriminative talks and actions," personal injuries resulting from altercations and other incidents with hospital staff, and an arrest and "manhandling" by Trenton police officers. Plaintiff fails to specify which, if any, of her constitutional rights have been violated, and the Court finds that her failure to establish a federal question precludes the Court from exercising jurisdiction under 28 U.S.C. § 1331.

In light of the Court's determination that Plaintiff's allegations do not support federal question jurisdiction, the Court now considers whether Plaintiff adequately asserts a basis for the Court to exercise diversity of citizenship jurisdiction over her claims. In order to establish jurisdiction under § 1332, there must be complete diversity among all the parties, which requires that each plaintiff be a citizen of a different state than each defendant. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 (1978). The Plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Ins. Co. v. American Employers' Ins. Co.,* 600 F.2d 15, 16 (5th Cir. 1979); *see also Universal Reinsurance Co. Ltd. V. St. Paul Fire & Marine Ins. Co.,* (224 F.3d 139, 141 (2d Cir. 2000).

---

[9] While it is unclear from Plaintiff's Complaint whether she alleges a violation of Victoria Itiowe's civil rights or her own, the Court gives Plaintiff the presumptive benefit that she asserts these claims on her own behalf.

8

Despite accepting Plaintiff's allegations as true and construing her complaint liberally, the Court finds that Plaintiff has failed to plead diversity. While the Court notes that Plaintiff's complaint lists a P.O. Box in New Jersey as her address and refers in passing to a residence in New Jersey, "for purposes of diversity jurisdiction, citizenship [of an individual] means domicile, not residence." *Pierro v. Kugel,* 386 Fed.Appx. 308, 308 (3d. Cir. 2010) (citing *Krasnow v. Dinan,* 465 F.2d 1298, 1300 (3d Cir. 1972)). Plaintiff's Complaint lacks sufficient averments to allow the Court to determine Plaintiff's citizenship and the Court at this time is unable to determine whether Plaintiff is a citizen of New Jersey or a New Jersey Domiciliary.

As to the citizenship of the defendants, Plaintiff's Complaint lists New Jersey addresses for all the named defendants. Even assuming the addresses listed by Plaintiff are correct for all defendants, merely alleging an address for each defendant is insufficient to demonstrate a party's citizenship for diversity purposes. In light of Plaintiff's failure to adequately establish the citizenship of the parties or raise a federal question, the Court cannot exercise jurisdiction over this case under § 1332 or § 1331. Therefore, the Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, RWJHH's Motion to Dismiss [docket # 12], CHS' Motion to Dismiss [docket # 38], SFMC's Motion to Dismiss [docket # 26], and NJSBME's Motion to Dismiss [docket # 51] are GRANTED. Trenton Defendants' Motion to Strike [docket # 50] is DENIED as moot. Plaintiff's Complaint is DISMISSED without prejudice, with the exception of all claims brought on behalf of Victoria Itiowe, which are dismissed with prejudice. The Court shall grant Plaintiff thirty days from the date of entry of the Order accompanying this Opinion to file an amended complaint that contains a "short and plaint statement of the claim" showing she

is entitled to relief and a "short and plain statement of the grounds for the court's jurisdiction" pursuant to Federal Rule of Civil Procedure 8(a). An appropriate Order accompanies this Opinion.


Date:  September 25, 2013 /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge